THE STATE, EX REL. JOSEPH GILBERT AND THOMAS LONG-
STREET, v. ISAAC B. PATTERSON, MAHLON COTTRELL,
AND HERBERT WOOLLEY.

1. Where a trustee in a district school had been absent, with intention to
stay more than six months, and the two remaining trustees appointed a
third one to fill the vacancy, under the supplement to the school law
of 14th of March, 1851, who joined with them and the town superin-
tendent in signing the certificate of incorporation of the district, it
was held that the appointment was legal, and that the subsequent
supplements of March 17th, 1854, and July 15th, 1860, did not take
away the power to make such appointment.

2. The person thus appointed having become an officer, *de facto*, and
elections of trustees having been regularly held under the incorpora-
tion, from 1862 to 1866, and the relators not claiming the office them-
selves, but coming in as private individuals, the court held that it
would not, even at their instance, declare the incorporation void, as
against the respondents, even if the vacancy should have been filled
by an election of the people, and not by appointment of the two
trustees.

Information in nature of a *quo warranto*.

The information was filed in the name of the State of
New Jersey, by the relators, against the respondents, as
claiming to be trustees of a certain school district, in the
county of Monmouth, charging that they have assumed to
themselves and are exercising the office of trustees without
legal right.

The respondents claim, by plea, that they have been
legally elected trustees of the school district.

To this the relators reply, that the district was never
legally incorporated; one of the trustees who signed the
certificate of incorporation, in 1862, having been appointed
to fill a vacancy, by the remaining trustees, instead of by
the inhabitants, as required by law, and that, therefore, the
incorporation, and all proceedings under it, are void; and
that the respondents should be excluded from office as
trustees.

The jury found a special verdict, which was, in substance, that in 1862 one of the trustees left the district to stay more than six months, and that a third trustee was appointed in his place by the other two trustees of said district, and not by the inhabitants of the township.

Upon this finding each party claimed judgment.

The matter was argued before Justices VREDENBURGH, WOODHULL, and DEPUE.

For the relators, *F. Kingman.*

For respondents, *Joel Parker.*

The opinion of the court was delivered by

DEPUE, J.   This action was commenced by information in the nature of a *quo warranto*, filed by the Attorney General, in behalf of the relators, against the respondents, who claim to be trustees of "The West Farms School District, No. 6," of the township of Howell, in the county of Monmouth, charging that the respondents have assumed to themselves, and used and exercised the office of trustees of the said school district, and still do assume, use, and exercise the said office, without any legal warrant or right whatever.

To this information the respondents have pleaded, that from the thirteenth day of May, eighteen hundred and sixty-two, there was and had been a school district, known by the name of "The West Farms School District, No. 6," and that from the said thirteenth day of May, eighteen hundred and sixty-two, to the time of exhibiting the said imformation, the trustees of the said "The West Farms School District, No. 6," and their successors, were and had been a body politic and corporate, duly incorporated, pursuant to the laws of the State of New Jersey in such case made and provided, and the respondents set out regular elections of trustees from that time to the time of filing the information, and that the respondents respectively held their offices as trustees, by virtue

of elections by the taxable inhabitants of said district, held at the several times specifically set out in their plea.

No question is made by the relators as to the regularity and legality of the election of the respondents as trustees, but by their replication they allege that the school district did not become a corporation according to law, because Gilbert Lane, one of the persons who acted as a trustee, at the time the said "The West Farms School District, No. 6," was incorporated, and who signed the certificate of incorporation, was appointed a trustee by the other two trustees, when, by law, he should have been elected by the taxable inhabitants of the district, and that, therefore, the respondents should be excluded from their office as trustees.

The cause was carried down to the Monmouth circuit for trial, and the jury found, as a special verdict, that Stephen Lane, a former trustee, left the said district, in the year 1862, to stay more than six months, and that the said Gilbert Lane was appointed trustee in his place, by the other two trustees of said district, and not elected by the taxable inhabitants of the district.

Upon this special verdict, application is made on behalf of the relators for a judgment in their favor, and a counter application, on behalf of the respondents, for a judgment in favor of the respondents.

On the part of the relators it is insisted, that the appointment of Gilbert Lane, as a trustee, in 1862, by the other two trustees, was not authorized by law; that the vacancy he was chosen to fill, being occasioned by the absence of Stephen Lane from the district, could only be filled by an election by the taxable inhabitants of the district, and that, therefore, the certificate of incorporation signed by him, and the other two trustees, together with the town superintendent, upon which the district was incorporated, was void.

The supplement to the school law, passed February 15th, 1860, (Nix. Dig. 783, § 58,) provides that whenever any trustee of any school district in this state, shall depart, or has heretofore departed from said district, with the inten-

tion of being absent therefrom for the space of six months, or more, and has not returned his office of trustee shall be declared vacant, and the same shall be filled by an election, according to law.

Before the passage of this supplement, provision had been made for filling vacancies in the office of trustee. By the eighth section of the supplement of March 14th, 1851, (*Nix. Dig.* 780, § 39,) the taxable inhabitants of the district were authorized to fill any vacancy by the election of a trustee, to hold for the unexpired term. To that section is annexed a proviso, providing that the trustees may fill a vacancy by choosing a trustee to hold his office until the next annual meeting. Under this section no election to fill a vacancy could be made by the taxable inhabitants, unless at an annual meeting, and the vacancy intermediate could only be filled by the appointment of a trustee by the other trustees. To remedy this, the supplement of March 17th, 1854, (*Nix. Dig.* 782, § 47,) was passed, which provides, that in case of any vacancy in the board of trustees of any school district, the same *may* be filled by the taxable inhabitants of the district, provided that the election to fill such vacancy was held on or before the first Monday in March. And the act further provides, that such election shall be held upon ten days' notice, to be given by the town superintendent, which notice the superintendent is required to give within three days after he shall be notified of such vacancy, in writing, signed by ten or more of the taxable inhabitants of the district.

The eighth section of the supplement of March 14th, 1851, is not repealed, in express words, by the supplement of March 17th, 1854, nor are the provisions of the two acts so inconsistent, that the former is repealed by the latter by implication. The permissive word *may*, in the latter act, was not designed to exclude other modes of filling vacancies which existed when that supplement was passed. The eighth section of the supplement of 1851, and the supplement of 1854, may both stand, except that, possibly, the appointment by the trustees, which may still be made under the

proviso of the eighth section, will be determined by a subsequent election by the taxable inhabitants, under the supplement of 1854, before the annual election, in case ten or more of the taxable inhabitants see fit to take such steps as may be necessary to call an election to fill such vacancy.

Nor is the power of the trustees to fill such vacancy taken away by the supplement of February 15th, 1860. The object of that act was, as its title imports, to declare what shall constitute a vacancy, or rather, to make the departure of a trustee from the district, with the intention of being absent for the space of six months, a vacancy, and not to provide specially for the mode of selecting a person to fill such vacancy. No reference is made in this supplement to the supplement of March 17th, 1854; and the words "shall be filled by an election, according to law," mean no more than that a successor shall be selected in any manner in which a vacancy might have been previously filled, whether by a choice made by the taxable inhabitants, or by the other trustees.

In the case now before the court, the certificate of incorporation was filed in 1862, and from that time until the filing of the information, in February, 1866, regular annual elections, for the election of trustees, have been held, under that incorporation. The relators in this case make no claim to the office of trustees in themselves, nor do they question the legality or regularity of the elections at which the relators were elected. Gilbert Lane, by his appointment as trustee by the other trustees, became a trustee *de facto*, and acted under color of a legal appointment; and even if the vacancy then existing should have been filled by an election by the taxable inhabitants, and not by the appointment of the other trustees, the court would not hold that the incorporation was void, at the instance of private relators, not claiming the office themselves, and against subsequent trustees, regularly elected, because Gilbert Lane joined with the other trustees and the town superintendent, in the proceedings for the incorporation of the district.

Let judgment be entered on the *postea* for the defendants.